**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martinez**

Criminal Case No. 12-cr-00242-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.   **REYNA MENDOZA-HARO,**
2.   **ARNALDO ALVAREZ-GONZALEZ,**
3.   **JAIME MORENO-LOPEZ,**
4.   **RICKY HENRY CISNEROS,**
5.   **IVAN GOMEZ-AVILA,**
6.   **SHANA LOUISE CLAYBOURN,**
7.   **CRIS ANTHONY SANDOVAL,**
8.   **TODD JOSEPH TRUJILLO,**
9.   **KENNIE RAY SNYDER,**
10. **CHRISTINA ROSE MALMGREN,**
11. **DESIREE ROSE CEBALLES,**

      Defendants.

---

**ORDER DESIGNATING CASE AS COMPLEX AND**
**SETTING FORTH BASES FOR ENDS-OF-JUSTICE CONTINUANCE**

---

This matter is before the Court on the Government's Motion to Designate Case as Complex Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) (the "Motion").  (ECF No. 102.) The Court held a hearing on the Motion on July 11, 2012, at which the Government requested that 120 days be excluded in calculating the Speedy Trial deadline.  (ECF No. 135.)

In the Motion, the Government represented that, based on its meet-and-confer efforts, Defendant Todd Joseph Trujillo would be filing a response to the Motion but that

no other Defendants oppose the Motion.  (*Id.* ¶ 14.)[1]  Defendant Trujillo ultimately filed a Response, in which he requested an offer of proof from the Government regarding his alleged involvement in the conspiracy at issue, but did not call into question the Government's bases for its Motion.  (ECF No. 111.)  At the hearing on the Motion, Defendant Trujillo's new counsel, Peter D. Menges, represented that Mr. Trujillo did not agree that a blanket complexity finding would be appropriate, but also represented that Mr. Trujillo had no objection to a 120-day ends-of-justice continuance.  (ECF No. 135.)

After considering the arguments made in the briefing on the Motion, and at the hearing, the Court granted the Motion orally on the record, while stating that the Court would issue a more detailed written order explaining the bases for the Court's decision. The Court now issues this Order providing a more detailed explanation for why it is appropriate to exclude 120 days in calculating the Speedy Trial deadline.

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings."  *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999).  It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later.  *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999).  Certain periods of delay are excluded and do not count toward the 70-day limit.  *See* 18 U.S.C. § 3161(h)(1)-(9).  Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh

---

[1] One Defendant – Arnaldo Alvarez-Gonzalez – has not yet appeared in the action.

the best interest of the public and the defendant in a speedy trial.'" *Hill*, 197 F.3d at

440-441 (quoting 18 U.S.C. § 3161(h)(7)(A)).

In order for a continuance to qualify as an excludable "ends of justice"

continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197

F.3d at 441.  First, the Court must consider the following factors listed in

§ 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding
> would be likely to make a continuation of such proceeding impossible, or
> result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of
> defendants, the nature of the prosecution, or the existence of novel
> questions of fact or law, that it is unreasonable to expect adequate
> preparation for pretrial proceedings or for the trial itself within the time
> limits established by [the Act];
>
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken
> as a whole, is not so unusual or so complex as to fall within clause (ii),
> would deny the defendant reasonable time to obtain counsel, would
> unreasonably deny the defendant or the Government continuity of
> counsel, or would deny counsel for the defendant or the attorney for the
> Government the reasonable time necessary for effective preparation,
> taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).

After considering these factors, the Court must then set forth, "in the record of the

case, either orally or in writing, its reasons for finding that the ends of justice served by

the granting of such continuance outweigh the best interests of the public and the

defendant in a speedy trial." *Hill*, 197 F.3d at 441; 18 U.S.C. § 3161(h)(7)(A).  Although

the Court's findings "may be entered on the record after the fact, they may not be made

after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511,

1516 (10th Cir.1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'"  *Id.* (quoting *Doran*, 882 F.2d at 1516).

The Court is sensitive to and mindful of the teachings of relevant case law, including the principles and holdings in *Bloate v. United States*, 130 S.Ct. 1345 (2010)*; United States v. Larson*, 627 F.3d 1198 (10th Cir. 2010); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007).

The Government's Motion represents that the discovery in this case includes 41,750 call records based on wiretaps on 14 different telephones; 3,000 call records for pertinent calls involving criminal activity; at least 80,000 electronic records, many of which involve multiple pages of material; and over 200 pages of Grand Jury transcripts. Further, at the hearing on the Motion, the Government clarified that discovery would include a total of approximately five *years* worth of recordings from video surveillance (a year each from five different stationary pole cameras).  The Government represented at the hearing that it needs up to 45 additional days to produce all of this discovery.  After that time, counsel for each Defendant will need time to review the voluminous discovery to determine the extent to which the discovery indicates the involvement of that Defendant, and whether any pretrial motions are appropriate.

Based on the relevant record considered as a whole, I find that it would be unreasonable to expect adequate preparation by the parties, despite due diligence, for pretrial or trial proceedings within the time currently allowed under 18 U.S.C. § 3161(c).

I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.

Accordingly, **the Court hereby FINDS as follows**:

a.      Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

b.      This case is sufficiently complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii), due to the number of defendants and nature of the prosecution (and, in particular, the amount of discovery involved), such that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits established by the Speedy Trial Act; and

c.      The ends of justice served by granting the Motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

In accordance with the foregoing, **the Court hereby ORDERS as follows**:

1.      The Government's Motion to Designate Case as Complex Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) (ECF No. 102) is GRANTED;

2.      All days between July 11, 2012 and November 11, 2012 are EXCLUDED from the Speedy Trial clock pursuant to 18 U.S.C. § 3161(h)(7)(A);

3.      All deadlines and settings set forth in the June 5, 2012 Order Setting Trial Date and Related Deadlines (ECF No. 69) are VACATED, including the July 3, 2012

motions deadline, the July 27, 2012 Final Trial Preparation Conference, and the ten-day jury trial set to commence on August 6, 2012;

4. Given that the July 3, 2012 motions deadline has been vacated, Defendants' various motions seeking an extension of that deadline (ECF No. 112, 113, 116, 117, 118, 121) are DENIED AS MOOT;

5. The discovery deadlines set forth in the Discovery Conference Memoranda and Orders (ECF No. 60, 61, 64, 72, 73, 89, 92, 97, and 110) are VACATED;

6. On or before August 31, 2012, the Government shall disclose those materials to all Defendants that are on that date within the possession of the attorney for the Government and are subject to disclosure under the provisions of Rule 16 of the Federal Rules of Criminal Procedure;

7. On or before September 14, 2012, all Defendants shall disclose their Rule 16 discovery material to counsel for the Government; and

8. A status conference is SET in this matter for December 7, 2012 at 10:30 a.m.  All Defendants are ORDERED to appear at this status conference without further notice or order of the Court.  It is anticipated that at this Status Conference the Court will set final dates for the Final Trial Preparation Conference and Jury Trial in this case.

Dated this 17th day of July, 2012.

BY THE COURT:

William J. Martínez
United States District Judge

6