**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Criminal Action No. 12-cr-00242-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

**1. REYNA MENDOZA-HARO,**
a/k/a "Reyna Mendoza," "Reyna," "Reyna Gonzalez," "Amanda Gonzalez,"
2. ARNALDO ALVAREZ-GONZALEZ,
a/k/a "Indio" "Monra"
3. JAIME MORENO-LOPEZ,
a/k/a "El Guapo," "Jaime Lopez," "Jaime Moreno," "Adrian Lopez-Villeda," "Alberto Torres-Trejo,"
**4. RICKY HENRY CISNEROS,**
a/k/a "Ricky Cisneros,"
5. IVAN GOMEZ-AVILA,
a/k/a "Ivan Avila," "Ivan Flores," "Jose Gomez,"
6. SHANA LOUISE CLAYBOURN,
a/k/a "Melissa Renee Rodriguez," "Becky Smith," "Shana Claybourn," "Tiffany Claybourn," "Shana Contreras," "Shana Louise Contreras-Pineda,"
**7. CRIS ANTHONY SANDOVAL,**
a/k/a "Cris Sandoval," "Christopher Sandoval,"
8. TODD JOSEPH TRUJILLO,
a/k/a "Todd Trujillo," "Tracy Petterson," "Todd Jose Trujillo,"
9. KENNIE RAY SNYDER,
a/k/a "Kennie Snyder,"
10. CHRISTINA ROSE MALMGREN,
a/k/a "Christina Malmgren," and
11. DESIREE ROSE CEBALLES,
a/k/a "Desiree Rosa Allen," "Desiree Rose Lucy," "Desiree Ceballes," "Desiree Rose Martinez,"

Defendants.

---

**ORDER ON DISCOVERY MOTIONS**

---

This matter is before the Court on discovery motions filed by Defendants Reyna Mendoza-Haro (ECF Nos. 304-310 & 312), Ricky Henry Cisneros (ECF No. 352), and Chris Anthony Sandoval (ECF No. 302). The Court will address each pending motion in turn below.

## I. MOTION FOR DISCOVERY

Defendant Sandoval has filed a "Motion Re: Additional Discovery". (ECF No. 302.) This motion provides, in pertinent part: "That upon best information and belief, state ordered wiretaps in either the 1st or 2nd Judicial District(s) (or both) of the State of Colorado were conducted by law enforcement associated with the investigation in the above captioned matter. Moreover, the wiretaps were directed at individuals who are or were either targets of the Title III electronic surveillance conducted in this case or are defendants in this or the related case." (*Id.*) Sandoval asks that the Court "direct the Government to produce additional discovery as described in the foregoing paragraphs". (*Id.*)

The Court finds it difficult to evaluate the merits of Sandoval's request because it is so vague. It appears Sandoval believes that a Colorado state court authorized wiretaps and that he is seeking "additional discovery" related to the same. However, it is unclear what "additional discovery" Sandoval seeks. For example, is he seeking the affidavits underlying the wiretaps, the results of the wiretaps (*i.e.*, the taped communications), the subsequent investigation, or all of these things?

Additionally, and perhaps more significantly, Sandoval fails to show that the governmental entity prosecuting this case—the United States Attorney's Office—has the capacity to produce the "additional discovery" requested. In the Government's

response to the Motion, it states that it "does not have the authority to release State wiretaps." (ECF No. 348 at 2.) The Government also states that it has provided Defendant with "copies of all wiretaps in this investigation, as well as the corresponding reports. The Government has met all the requirements of Rule 16 and believes any additional discovery is unnecessary." (*Id*.)

The Court finds that Defendant Sandoval has failed to particularly allege any discovery that the Government is required to produce under any Federal Rule of Criminal Procedure, Local Rule, or the Court's Discovery Conference Memorandum and Order. As such, Defendant Sandoval's Motion Re: Additional Discovery (ECF No. 302) is denied.

## II. MOTION FOR BILL OF PARTICULARS

Defendant Ricky Henry Cisneros has filed a Motion for Bill of Particulars which argues that the generality of the Indictment in this case has deprived him of the ability to defend himself. (ECF No. 253.) Mr. Cisneros specifically asks for the following details: (1) the date he is alleged to have joined the conspiracy; (2) the role is alleged to have played in the conspiracy as well as with whom is alleged to have conspired; (3) the amount and type of the controlled substance attributable to him; and (4) the overt acts allegedly committed by him. (*Id*. at 8.)

Federal Rule of Criminal Procedure 7(f) allows a criminal defendant to move for a bill of particulars. "A bill of particulars is a formal written statement by the prosecutor providing details of the charges against the defendant." 1 Fed. Prac. & Proc. § 130 (4th ed.).

> The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense. A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial. The defendant is not entitled to notice of all of the *evidence* the government intends to produce, but only the *theory* of the government's case.

*United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (emphasis in original) (citations, quotations, and brackets omitted).

In opposition to the Motion, the Government points out that, in addition to the Indictment, the Government has provided Mr. Cisneros with a copy of the grand jury transcript. (ECF No. 257 at 4.) The Government represents that the lead agent investigating this case testified before the grand jury and specifically discussed Mr. Cisneros's involvement with the alleged conspiracy. (*Id.*) The Government contends that the combination of the Indictment (which put Mr. Cisneros on notice of the charges against him) and the grand jury transcripts (which includes more details about the Government's theory of the case as to Mr. Cisneros) is sufficient to meet the Government's burden in this case.

The Court agrees with the Government. Count One of the Indictment charges Defendants, including Mr. Cisneros, with conspiring to distribute drugs in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii). (ECF No. 1.) Count One includes details such as the alleged beginning and end dates of the conspiracy, the names of the members involved, and the amount and type of drugs that were allegedly distributed and/or possessed with the intent to distribute. (*Id.*) The grand jury testimony provides Mr. Cisneros with additional details regarding the Government's theory of his particular

involvement with this conspiracy. In addition, the Government has provided Mr. Cisneros with discovery that fleshes out his alleged involvement. The combination of these things allows the Court to conclude that the Government has provided Mr. Cisneros with sufficient notice of the charges against him such that he can adequately prepare his defense. *See United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995) (affirming denial of motion for bill of particulars where the "indictment described the defendants' scheme in detail and provided dates, places and the persons involved in various transactions" and where the defendant "was provided with full discovery of the government's materials prior to trial"); *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (an indictment charging a drug conspiracy under 21 U.S.C. § 846 is sufficient if it includes "the dates of the illegal activity, the place, and the specific controlled substance.").

Accordingly, Defendant Ricky Henry Cisneros's Motion for Bill of Particulars is denied.

## III. MOTIONS FILED BY DEFENDANT REYNA MENDOZA-HARO

Defendant Reyna Mendoza-Haro (hereafter "Defendant") has filed a rash of discovery motions, each of which will be discussed below.[1]

---

[1] The majority of these motions appear to be *pro forma* motions which counsel likely files in many of his cases. The Court bases this observation on the fact that, in each of the motions, there is little—if any—discussion of the particular crimes charged in this case. Additionally, a number of the motions refer to Ms. Reyna Mendoza-Haro as a male, with reference made to "his" need for the disputed information. (*See, e.g.*, ECF No. 304 ¶ 11.) Finally, in one of the Motions filed on March 1, 2013, Ms. Mendoza-Haro seeks disclosure of the grand jury transcripts, of which the Court ordered production on June 1, 2012. (ECF No. 36.) In the future, the Court expects counsel to use better judgment in choosing which discovery motions are appropriate for a particular defendant. In addition, the Court expects all counsel to file motions particularized to the facts of their case, and not file boilerplate motions untethered to the actual circumstances facing their clients.

## A. Motions Seeking Disclosure Pursuant to Rule 16 and Case Law

Defendant asks the Court to require the Government to produce a litany of discovery materials that Defendant claims may be exculpatory, which is required pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). (ECF No. 304.) In a separate Motion, Defendant seeks notice of the Government's intent to use a wide array of different types of evidence. (ECF No. 310.) Similarly, Defendant also seeks Notice of the Government's intent to call expert witnesses and discovery related thereto pursuant to Rule 16(a)(1)(D) and (E). (ECF No. 312.) Finally, Defendant seeks to compel disclosure of any promises of immunity, lenience, or preferential treatment for witnesses, co-defendants, or informants in accordance with *Giglio v. United States*, 405 U.S. 150 (1972). (ECF No. 309.)

The Government responds that it is aware of its obligations under Federal Rule of Criminal Procedure 16, *Brady*, and *Giglio*, as well as the Court's Discovery Conference Memorandum and Order, and that it is complying with the same. (ECF Nos. 344 & 345.) Defendant provides no basis for the Court to question the Government's representation. As such, Defendant has failed to show that she is being deprived of any evidence which she is entitled to receive at this point in the proceedings.

Accordingly, the following motions are denied: (1) Defendant's Motion to Disclose and Produce *Brady* (Exculpatory) Material (ECF No. 304); (2) Motion for Notice of Government Intent to Use Evidence (ECF No. 310); (3) Motion to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency, or

Preferential Treatment (ECF No. 309); and (4) Request for Notice of Intent to Call Expert Witnesses and Discovery Pursuant to Rule 16(a)(1)(D) and (E) (ECF No. 312).[2]

**B. Motion for Disclosure Pursuant to Rules 404(b) and 609 and Request for Notice by Government of Intent to Introduce Evidence Pursuant to Rule 807**

Defendant moves for an order requiring the Government to disclose any evidence it intends to introduce pursuant to Federal Rules of Evidence 404(b) and 609. (ECF No. 305.) In a separate motion, Defendant requests notice of the Government's intent to introduce evidence pursuant to Rule 807. (ECF No. 306).

The Government does not object to either of these requests. The Government states that it will disclose any Rule 404(b) and 609 evidence at least sixty days before trial. (ECF No. 340.) The Government states that it will disclose its intent, if any, to introduce evidence pursuant to Rule 807 no later than thirty days before trial. (ECF No. 345.) The Court finds that these proposed deadlines are reasonable (if not generous) and therefore adopts the same.

Accordingly, Defendant's Motion for Disclosure Pursuant to Rules 404(b) and 609 (ECF No. 305) is granted. The Government shall disclose any such evidence no later than sixty days before any trial of this matter. Defendant's Request for Notice by Government of Intent to Introduce Evidence Pursuant to Rule 807 (ECF No. 306) is granted. The Government shall provide the requested notice at least thirty days before trial.

---

[2] Obviously the denial of these motions does not relieve the Government of its obligations pursuant to Rule 16, *Brady*, *Giglio*, or the Discovery Conference Memorandum and Order. The Court's ruling is only premised on the fact that Defendant has not shown any entitlement to production which would go beyond the obligations set forth therein.

## C. Motion to Disclose Identity of Informants

Defendant Mendoza-Haro moves for disclosure of the identity and whereabouts of any confidential informant involved with this case. (ECF No. 308.) Specifically, Defendant seeks this information for any confidential informant that was: (1) an eyewitness to any of the offenses charged in the Indictment; (2) a participant in any of the offenses charged in the Indictment; (3) whose testimony is offered in an attempt to establish any wrongful conduct of the Defendant not alleged in the Indictment; and (4) who provided information which resulted in the targeting of any of the Defendants in the investigation. (*Id*.) In response, the Government asserts its privilege to refuse to disclose the identity of its confidential informants in accordance with *Rovario v. United States*, 353 U.S. 53 (1957). (ECF No. 343.)

"A defendant seeking to force disclosure of an informant's identity has the burden to show the informant's testimony is relevant or essential to the fair determination of defendant's case. In determining whether to require disclosure, a court must balance the public interest in protecting the flow of information against the individual's right to prepare his defense." *United States v. Gordon*, 173 F.3d 761, 767 (10th Cir. 1999) (citing *Roviaro v. United States*, 353 U.S. 53, 62 (1957)). In balancing these interests, the Court considers the crime charged, the possible defenses, and the significance of the informant's testimony. *Id.* "Where it is clear that the informant cannot aid the defense, the government's interest in keeping secret [the informant's] identity must prevail over the defendant's asserted right of disclosure." *United States v. Sinclair*, 109 F.3d 1527, 1538 (10th Cir. 1997).

Here, Defendant appears to acknowledge that she has not made the required showing that disclosure of the informant is necessary to her defense. (ECF No. 308 at 2.) Instead, Defendant argues that "voluntary disclosure by the Government should be encouraged for fundamental fairness, and to avoid a deprivation of due process of law to the Defendant." (*Id.*) In the spirit of this voluntary disclosure, the Government offers to disclose the identity, criminal history, and other pertinent information of any confidential informant that will likely testify at trial—subject to an appropriate protective order—no less than thirty days before trial. (ECF No. 343 at 4-5.)

As the Government points out, the right to disclosure of a confidential informant is a trial right, not a pre-trial discovery right. *See United States v. Ruiz*, 536 U.S. 622, 629-30 (2002). The Court finds that the Government's proposed disclosure of any testifying witness is reasonable, and that Defendant has not shown that she is entitled to anything above and beyond such in this case. Accordingly, Defendant's Motion to Disclose Identity of Informants (ECF No. 308) is granted to the extent it seeks disclosure of any confidential informant who will testify at trial. Such disclosure shall be made no later than thirty days before trial. In all other respects, the Motion to Disclose is denied.

### D. Motion for Production of *Bruton* and Rule 801(d)(2)(E) Materials and Motion for Pretrial *James* Determination of Admissibility of Alleged Co-Conspirator Statements

Defendant moves for an order "requiring the Government to produce any and all evidence regarding statements of any co-defendant, charged or uncharged co-conspirator, or alleged accomplice in this case". (ECF No. 307.) In the same motion,

Defendant moves for a "pretrial determination of the admissibility of any alleged co-conspirator statements which the Government intends to offer at trial." (*Id*.)

The Government objects to any additional production of co-conspirator statements. (ECF No. 346.) The Government contends that these statements are not discoverable under Rule 16. (*Id*. (citing *Unitted States v. Williams-Davis*, 90 F.3d 490, 513 (D.C. Cir. 1996)).) Defendant cites no authority which contradicts this position. Therefore, the Court finds that Defendant has not shown that she is entitled to have any co-conspirator statements produced and her Motion seeking the same is denied.

With respect to Defendant's *Bruton* argument, the Government agrees, at the time of trial, to redact any portion of a non-testifying co-Defendant's statement which could implicate its burden under *Bruton*. (ECF No. 346 at 3.) At this point in the proceedings, with no clear picture of which Defendants are likely to actually take this case to trial, the Court will not compel anything further on this issue. Should more than one Defendant choose to proceed to trial in this case, and the Government believes it will seek to introduce a statement from one of the co-Defendants, the parties are free to raise the *Bruton* issue at that point. Accordingly, the portion of Defendant's Motion which implicates *Bruton* is denied without prejudice.

Finally, Defendant seeks a pretrial *James* hearing for the purpose of determining admissibility of any co-conspirator statements pursuant to Federal Rule of Evidence 801(d)(2)(E). (ECF No. 307 at 2-3.) The Court notes that its December 13, 2012 Order Granting Ends-of-Justice Continuance and Setting Deadline for Remainder of Case established a phased briefing schedule in this case. (ECF No. 239.) The deadline for filing motions pursuant to Rule 801(d)(2)(E) is set for August 1, 2013. (*Id*. at 3.) The

reason for setting this deadline at a later point in the case is to permit the parties and the Court to have a better grasp of which Defendants may choose to exercise their right to a jury trial in this case. The Court finds that judicial economy weighs against making a *James* determination at this point in the case. Therefore, the Court denies Defendant's request for a *James* determination without prejudice to refiling no later than August 1, 2013.

Additionally, the Court notes that the current briefing on the *James* issue fails to meet the standards set forth in the Court's June 7, 2012 Order on Procedures, which states, in relevant part:

> (b) *James* proffers: The Court does not typically conduct hearings on requests for *James* determinations of the admissibility of co-conspirator statements. When a *James* issue is raised, the Government is required to make a written proffer containing: (i) identification of the facts showing the existence, composition, scope, and object of the conspiracy; and (ii) a specific identification of each statement that is to be offered, its declarant, and an explanation as to how that statement is admissible under Fed. R. Evid. 801(d)(2). This proffer is made on a form available from Chambers. The form also includes a place for each Defendant to note those statements to which he or she objects and a place to state the nature of such objection. Upon its review of a completed proffer, the Court will usually issue a written ruling either: (i) finding the proffer to be prima facie adequate to permit the admission of the co-conspirator testimony under Rule 801(d)(2), subject to the Government establishing the necessary foundational facts at trial; or (ii) finding that specific statements are inadmissible under Rule 801(d)(2).

(ECF No. 81 at 3-4.) Should Ms. Mendoza-Haro or any other Defendant request a *James* determination at a later point in this case, the parties' briefing must comply with this directive.

Accordingly, Defendant's Motion for Production of *Bruton* and Rule 801(d)(2)(E) Materials and Motion for Pretrial *James* Determination of Admissibility of Alleged Co-Conspirator Statements (ECF No. 307) is denied without prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant Chris Anthony Sandoval's Motion Re: Additional Discovery (ECF No. 302) is DENIED;
2. Defendant Ricky Henry Cisnero's Motion for Bill of Particulars (ECF No. 253) is DENIED;
3. Defendant Reyna Mendoza-Haro's Motion to Disclose and Produce *Brady* (Exculpatory) Material (ECF No. 304) is DENIED;
4. Defendant Reyna Mendoza-Haro's Motion for Disclosure Pursuant to Rules 404(b) and 609 (ECF No. 305) is GRANTED. The Government shall disclose any such evidence no later than sixty days before any trial of this matter;
5. Defendant Reyna Mendoza-Haro's Request for Notice by Government of Intent to Introduce Evidence Pursuant to Rule 807 (ECF No. 306) is GRANTED. The Government shall provide the requested notice at least thirty days before trial;
6. Defendant Reyna Mendoza-Haro's Motion for Production of *Bruton* and Rule 801(d)(2)(E) Materials and Motion for Pretrial *James* Determination of Admissibility of Alleged Co-Conspirator Statements (ECF No. 307) is DENIED without prejudice to Defendant re-raising these issues at the appropriate time;
7. Defendant Reyna Mendoza-Haro's Motion to Disclose Identity of Informants (ECF No. 308) is GRANTED to the extent it seeks disclosure of any confidential

informant who will testify at trial. Such disclosure shall be made no later than thirty days before trial. In all other respects, the Motion to Disclose Identity of Informants is DENIED.

8. Defendant Reyna Mendoza-Haro's Motion to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency, or Preferential Treatment (ECF No. 309) is DENIED;

9. Defendant Reyna Mendoza-Haro's Motion for Notice of Government Intent to Use Evidence (ECF No. 310) is DENIED; and

10. Defendant Reyna Mendoza-Haro's Request for Notice of Intent to Call Expert Witnesses and Discovery Pursuant to Rule 16(a)(1)(D) and (E) (ECF No. 312) is DENIED.

Dated this 16th day of May, 2013.

BY THE COURT:

William J. Martínez
United States District Judge